Submitted on record and briefs July 23, 1986, remanded May 20, 1987

# CHARLES L. HAYNES,
*Appellant,*

*v.*

# KEENEY,
*Respondent.*

(85-1017, 85-1298, 85-1431, 85-1432, 85-1562, 85-1563,
85-1564, 152,406; CA A38857 (Control), A38858,
A38859, A38860, A38861, A38862, A38863, A38864)
(Cases Consolidated)

737 P2d 149

Charles LeRoy Haynes, *pro se,* Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, Scott McAlister, Assistant Attorney

General, and Robert J. Jackson, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Petitioner filed petitions for post-conviction relief, ORS 138.510 - ORS 138.680, challenging nine misdemeanor convictions[1] which occurred between 1965 and 1970. He contends that he was not informed by the judges, or otherwise made aware of, his constitutional rights.[2] After consolidating the cases, the court concluded that petitioner was not entitled to post-conviction relief. The court's sole finding was that "petitioner has failed in his burden of proof in regard to the above allegations."

Petitioner contends that, because the record does not affirmatively indicate that he voluntarily and knowingly waived his constitutional rights, the state has the burden of proving waiver or knowledge. *Boag v. State,* 44 Or App 99, 605 P2d 304 (1980). ORS 138.530(1)(a) authorizes post-conviction relief from the "substantial denial" of state or federal constitutional rights resulting in the conviction. A petitioner has the burden of proving the allegations of a petition. ORS 138.620(2). As we stated in *Stelts v. State of Oregon,* 67 Or App 364, 367, 677 P2d 1106 (1984), *rev'd on other grounds* 299 Or 252, 701 P2d 1045 (1985):

> "[A petitioner] meets this burden [by] introducing the transcript of the proceedings in the court of conviction showing that he was not advised of a constitutional right and by testifying that he had no independent knowledge of it. *Miller v. Gladden,* 249 Or 51, 437 P2d 119 (1968). At that point, the burden of persuasion shifts to the state, which must then offer evidence that the waiver was knowing and voluntary in order to prevail."

Petitioner did not introduce any record of the proceedings in the courts of the convictions. In fact, he could not have, because those records had been destroyed. Instead, he

---

[1] The convictions were for driving while suspended, driving under the influence of intoxicating liquor, disorderly conduct and petty larceny. Petitioner is challenging the misdemeanor convictions because of their effect on his matrix. Petitioner was convicted of murder in 1978 and is presently serving a life sentence in the Oregon State Penitentiary.

[2] The rights petitioner alleges that he was denied are: the right to counsel, the right to have an attorney present, the right to jury trial, the right to confront witnesses, the right to have the state prove its case beyond a reasonable doubt, and the right to testify on his own behalf or to remain silent and not have that silence used against him.

offered his own testimony to support his assertions. Petitioner's testimony alone, if believed, was sufficient to meet his burden. The problem is that we cannot discern the reason for the court's conclusion that petitioner did not meet his burden of proof. *State v. Johnson/Imel,* 16 Or App 560, 519 P2d 1053, *rev den* (1974). The court made no findings regarding defendant's credibility. We remand for the purpose of giving the court the opportunity to state its reasons. If the court reached its conclusion because it believed that defendant must introduce the transcript of the proceedings in the court of conviction in order to meet his burden, that was error. If the court did not find defendant's testimony credible, the conclusion that he did not meet his burden of proof was proper.

Remanded for further proceedings not inconsistent with this opinion.