Argued and submitted September 28, 1990, judgment vacated; remanded for further proceedings April 24, 1991

## MICHAEL M. FISHER,
*Appellant,*

*v.*

## R. L. WRIGHT,
*Respondent.*

(CV88-746; CA A62578)

809 P2d 724

Stephen P. Riedlinger, La Grande, argued the cause for appellant. With him on the brief was Helm, Baum & Riedlinger, La Grande.

Cynthia A. Carter, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

In this post-conviction proceeding, petitioner challenges his convictions on three counts entered after he pled guilty. He appeals the dismissal of his petition. We vacate the judgment and remand to the post-conviction court.

■ Petitioner contends that his trial counsel failed to inform him of the possibility of a minimum sentence before he entered his guilty plea.[1] If he did not otherwise have knowledge of the possibility of a minimum sentence, counsel's failure to inform him renders his convictions void. *Hartzog v. Keeney,* 304 Or 57, 742 P2d 600 (1987). The post-conviction court concluded that, because *Hartzog* was decided after petitioner was sentenced, it does not apply. We have determined otherwise. *Moen v. Peterson, supra* n 1. Because the post-conviction court made no findings regarding what information petitioner had before the entry of his plea, we remand for that determination and for further proceedings pursuant to that finding. *See Meyers v. Maass,* 106 Or App 32, 806 P2d 695 (1991).

■ The post-conviction court also erred in holding that the trial court was not required by ORS 137.123(4) to make a finding that it was authorized by subsection (4)(a) or (b) to impose consecutive sentences. *State v. Racicot,* 106 Or App 557, 809 P2d 726 (1991).

Petitioner's remaining assignments of error do not require discussion.

Judgment vacated; remanded for further proceedings.

---

[1] Petitioner argues that, apart from any duty owed by his counsel, the trial court had a constitutional obligation to inform him of the possibility of a minimum sentence. We recently rejected that argument. *Moen v. Peterson,* 103 Or App 71, 73 n 1, 795 P2d 1109, *on recon* 104 Or App 481, 802 P2d 76 (1990), *rev allowed* 311 Or 166 (1991).