Argued and submitted April 3, reversed and remanded with instructions July 5, 1995

## STATE OF OREGON,
*Appellant,*

*v.*

## DAVID EUGENE REEDER,
*Respondent.*

(C93-08-35229; CA A84980)

898 P2d 1368

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

The state appeals from the trial's court dismissal with prejudice of an indictment charging defendant with unlawful sexual penetration in the first degree, ORS 163.411(1), and sexual abuse in the first degree, ORS 163.427(1), both felonies.

The alleged victim is an eight-year-old girl. At a pretrial hearing conducted pursuant to OEC 412 concerning the admissibility of prior false allegations by the child, testimony was taken from a doctor who had examined the child and who apparently stated that, because of the child's many allegations against different individuals and the child's confusion as to who among them had harmed her within a certain time frame, she could not make a diagnosis but could say only that the child needed counseling. In the state's view, that testimony created a reasonable doubt as to defendant's guilt, and the prosecutor moved to dismiss the charges. Defendant urged the court to dismiss the charges with prejudice. The state opposed the suggestion, contending that dismissal with prejudice is an extraordinary remedy to be reserved for the most extreme cases. The court ultimately entered an order and judgment of dismissal with prejudice, but refused to enter a judgment of acquittal requested by defendant.

Our review of the trial court's ruling is hampered somewhat by the fact that we have no record of the pretrial hearing under OEC 412, which was the basis for the prosecution's motion and the trial court's ruling. Additionally, although the trial court gave its reasons for dismissing the case with prejudice, it did not state the statutory basis for its ruling, so we are left to speculate as to what authority provided the authority for its action.

There are several potential statutory bases for dismissal of a prosecution. ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show a sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

The dismissal in this instance does not fit squarely within the provisions of either of those statutes. The case had not been called for trial, and was still in a pretrial posture. Additionally, the state sought dismissal of the charges, not postponement of trial. The court expressly declined to enter a judgment of acquittal as required by ORS 136.130, so that statute could not have been the basis of its ruling. We likewise conclude that the court's dismissal was not proper under ORS 136.120, even if that statute was the intended ground for its action. *State v. Mock*, 80 Or App 365, 722 P2d 42 (1986).

Pursuant to ORS 135.755, the court may,

"either on its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed. The reasons for the dismissal shall be set forth in the order, which shall be entered in the register."

The effect of such a dismissal is explained in ORS 135.753(2):

"An order for the dismissal of a charge or action, as provided in ORS 135.703 to 135.709 and 135.745 to 135.757, is a bar to another prosecution for the same crime if the crime is a Class B or C misdemeanor; but it is not a bar if the crime charged is a Class A misdemeanor or a felony."

If the trial court was purporting to act pursuant to ORS 135.755, the dismissal is not a bar to prosecution of defendant for the same felonies with which he has been charged, and the court erred when it entered the dismissal with prejudice. We are aware of no other relevant statutory basis for dismissal of this accusatory instrument.

Reversed and remanded for entry of an order dismissing the indictment without prejudice.