Argued and submitted July 31, reversed and remanded September 27, 2000

## STATE OF OREGON,
*Appellant,*

*v.*

## JOSE DELGADILLO GUTIERREZ,
*Respondent.*

(98071603FA; CA A106961)

11 P3d 690

Kaye E. McDonald, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Daniel M. Carroll, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Haselton, Presiding Judge, and Wollheim, Judge, and Warren, Senior Judge.

HASELTON, P. J.

## HASELTON, P. J.

The state appeals from the trial court's pretrial order dismissing with prejudice felony charges of burglary in the first degree, ORS 164.275, robbery in the first degree, ORS 164.415, robbery in the second degree, ORS 164.405, and assault in the second degree, ORS 163.175. The state contends that the court acted *sua sponte* in ordering the dismissal with prejudice and that there was no legal or factual ground for such a dismissal. We agree and reverse and remand for entry of an order of dismissal without prejudice.

Defendant's trial was scheduled pursuant to the 60-day rule, ORS 136.290, for May 27, 1999.[1] On May 26, 1999, the state moved for dismissal of the indictment as follows:

"COMES NOW the District Attorney in and for Linn County, State of Oregon, and respectfully moves the Court for an Order dismissing the Indictment dated October 1, 1998, on file in the above entitled case upon the grounds that the interest of justice would be best served thereby pursuant to the fact that the State is unable to locate the listed victim at this time.

"The defendant is in custody at the Linn County Jail and needs to be released at this time.

"DATED this 26th day of May, 1999."

On the same day, May 26, without any additional submission by the parties and without any hearing, the trial court, without explanation, ordered that the case be dismissed "with prejudice."

■ On appeal,[2] the state contends that there was no legal or factual basis for a dismissal with prejudice. Defendant responds, primarily, that the state failed to preserve

---

[1] ORS 136.290 provides, in part:

"(1) Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant."

Defendant was indicted in October 1998 but was not arraigned and held in custody on these charges until March 8, 1999. Because of defense counsel's request for a continuance, and defendant's concomitant waiver, the 60-day deadline was extended to May 27.

[2] Because the trial court did not give any authority for its dismissal, it is impossible to ascertain the basis of dismissal. We note, however, that the trial court did not enter a judgment of acquittal and, thus, to the extent the court may have purported to act under ORS 136.130, the order of dismissal with prejudice is

any error and that the dismissal is not reviewable as error apparent on the face of the record. *See* ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). We disagree.

Defendant's "nonpreservation" argument ignores, and effectively inverts, the principles underlying our preservation requirements:

> "First, the requirement that an issue be presented to the lower tribunal in order for it to be raised on appeal serves to prevent error. If the first tribunal is given the opportunity to make a ruling, its ruling may well be correct. Relatedly, it would be a disservice to the economy of the process to require the lower tribunal to conduct further proceedings in order to rectify an error that it was never given the initial opportunity to avoid.

> "The second reason is that requiring a party to present its issues at each adjudicative level is essential to a fair process for the other parties and participants. Generally, the opportunity to respond at the appellate level does not cure the denial of that opportunity in trial court and agency proceedings, where all of the factual and much of the legal development of cases must occur." *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den* 321 Or 47 (1995).

*See Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (preservation requirements are intended to ensure that "the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument").

■ When the trial court enters a dismissal with prejudice *sua sponte* neither of those principles is implicated. When the court has opted to act unilaterally and finally, without the benefit of input from the parties, there is no opportunity to bring the alleged error to the court's attention before it rules. As we noted in an analogous context:

> "As to defendant's claim that the court lacked modification authority because the judgment had been executed, the issue is whether defendant should be expected to 'preserve'

---

appealable. *See State v. Gunder*, 154 Or App 332, 336-37, 964 P2d 265 (1998); *State v. Freeman*, 127 Or App 640, 873 P2d 1107 (1994).

that claim when the court failed to hold a hearing on the modification and defendant was not present. We conclude that ordinary preservation requirements simply do not apply to that circumstance. A party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted. Nor is there any obvious procedural vehicle—let alone one available to a defendant as a matter of right—by which defendant could have raised his objections after the court entered the post-judgment modification." *State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999).[3]

Here the state moved for a judgment of dismissal because of the unavailability of the complainant. The state contends—and defendant does not seriously dispute—that, while that motion does not specify that the dismissal was to be without prejudice, given the practical realities of criminal litigation it could only be reasonably understood to request dismissal without prejudice.[4] *See, e.g., State v. Hadsell*, 129 Or App 171, 174-75, 878 P2d 444, *rev den* 320 Or 271 (1994) ("[D]ismissal under the statute is reserved for severe situations because the dismissal of a charging instrument frustrates the public interest in having the prosecution of crimes occur in order to promote the protection of the public and rehabilitation of offenders."); *State v. Bethune*, 51 Or App 271, 273, 624 P2d 1113 (1981) ("[D]ismissal is a drastic remedy to be reserved for severe situations. Dismissal frustrates the public's interest in the orderly administration of criminal justice."). Indeed, the motion's stated basis, "that the interest of justice would best be served thereby," parallels the "furtherance of justice" rationale for dismissal under ORS 135.755—which must be *without prejudice* when "the crime charged is a Class A misdemeanor or a felony." ORS 135.753 (2).[5]

---

[3] *Accord McDougal v. Griffith*, 156 Or App 83, 87-88, 964 P2d 1135 (1998), *rev den* 328 Or 330 (1999) (when trial court indicated intended disposition of damages in letter opinion sent to parties one month before entry of judgment and the plaintiff did not raise objections to that disposition, the plaintiff failed to preserve objections for appeal).

[4] During oral argument in this court, defendant's appellate counsel acknowledged, in response to a question, that the trial court "chose to grant relief that was not being requested by the state or by the defendant."

[5] ORS 135.755 provides that the court may,

Nevertheless, and without notice, the trial court entered the dismissal with prejudice. In those circumstances, no action on the part of the state is required to preserve the error for appellate review. Accordingly, we turn to the state's argument on the merits.

■ We conclude that the dismissal with prejudice was erroneous because there was no statutory or factual ground for such a dismissal in this case. *See, e.g., State v. Hilligoss,* 168 Or App 285, 290-92, 7 P3d 583 (2000); *State v. Reeder,* 135 Or App at 390. The record discloses no even colorable statutory or factual basis for dismissal. As noted, ORS 135.755 does not authorize dismissal with prejudice of felony charges. *Reeder,* 135 Or App at 390. Further, ORS 136.120[6] and ORS 136.130[7] do not authorize dismissal with prejudice in these circumstances both because "the case had not been called for trial," as required under ORS 136.120,[8] and because the record does not disclose the factual prerequisites for a dismissal with prejudice under ORS 136.130. *See, e.g., Hilligoss,* 168 Or App at 289-92; *State v. Parliament,* 164 Or App 707, 995 P2d 544 (2000); *Gunder,* 154 Or App at 339.[9]

---

"either on its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed. The reasons for the dismissal shall be set forth in the order, which shall be entered in the register."

*See State v. Reeder,* 135 Or App 387, 390, 898 P2d 1368 (1995) ("If the trial court was purporting to act pursuant to ORS 135.755, the dismissal is not a bar to prosecution of defendant for the same felonies with which he has been charged, and the court erred when it entered the dismissal with prejudice.").

[6] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show a sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

[7] ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

[8] *See Reeder,* 135 Or App at 390 ("The case had not been called for trial and was still in a pretrial posture.").

[9] In *Gunder,* we summarized the inquiry:

Finally, and contrary to defendant's suggestion on appeal, there was no basis in this record for dismissal with prejudice pursuant to the "inmate speedy trial" statutes, ORS 135.760 and ORS 135.763. *See State v. Waechter*, 163 Or App 282, 986 P2d 1281 (1999) (describing statutes and their operation).[10]

On this record, the *sua sponte* dismissal with prejudice was reversible error.

Order of dismissal with prejudice reversed; remanded for entry of order of dismissal without prejudice.

---

"The [case law has] identified, albeit not systematically, three factors that the trial courts are to consider in exercising discretion under ORS 136.130: (1) Did the prosecutor's conduct constitute inexcusable neglect; (2) Would the defendant suffer actual prejudice due to the delay; and (3) Would the defendant's right to a speedy trial be compromised by the delay?" 154 Or App at 339.

[10] We note, parenthetically, that there is no indication in this record that, while awaiting trial on these charges, defendant was an "inmate in the custody of the Department of Corrections or of the supervisory authority of a county pursuant to a commitment under ORS 137.124(2)," *see* ORS 135.760(1), much less that defendant ever gave the Linn County District Attorney written notice pursuant to ORS 135.760(1) "requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith."