Argued and submitted May 12, affirmed October 12, petition for review denied
December 28, 2005 (339 Or 701)

DAVID WHIPPLE,
*Appellant,*

*v.*

Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

02-11-2430-M; A123738

120 P3d 1251

Ingrid A. MacFarlane argued the cause and filed the brief for appellant.

Denis Vannier, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

EDMONDS, P. J.

---

* Wollheim, J., *vice* Richardson, S. J.

**EDMONDS, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. He argues that the post-conviction court committed plain error by entering a judgment that did not comply with ORS 138.620 and ORS 138.640. Because error is not apparent on the face of the record, ORAP 5.45, we affirm.

Petitioner pleaded guilty to one count of first-degree sodomy, three counts of first-degree sexual abuse, and four counts of private indecency; he was sentenced to 219 months in prison. Petitioner later challenged his convictions and sentences in this case, alleging at least nine separate ways in which petitioner believed that his trial counsel's assistance was constitutionally deficient. At the hearing on the petition, the post-conviction court orally made express findings and conclusions regarding a number of petitioner's allegations of ineffective assistance and concluded by stating, "I will deny the petition for post-conviction relief on all grounds."

The post-conviction court subsequently entered judgment in favor of the state. The judgment is a "check the box" form. On the first page of the judgment, the post-conviction court checked a box indicating that the case involved a petition for post-conviction relief, and a box indicating that the petition was "denied based upon the following findings and conclusions[.]" The box denying the petition "based upon the following findings and conclusions" was followed immediately by two blank lines, which the court left blank. At the bottom of the first page, the court also checked boxes indicating that the matter involved federal and state constitutional issues. Following those boxes, the judgment states, "All questions were presented and decided." On the second page of the judgment, the court checked a box indicating, "FOR THE REASONS STATED ON THE RECORD, IT IS FURTHER ORDERED THAT JUDGMENT BE, AND HEREBY IS GIVEN IN FAVOR OF" the state. (Uppercase in original.)

On appeal, petitioner argues that the post-conviction judgment does not "clearly state the grounds on

which the cause was determined * * *[,]" as is required by ORS 138.620(2) and ORS 138.640. According to petitioner, ORS 138.620(2) and ORS 138.640 require a post-conviction court to include, as part of its judgment, express factual findings and legal rulings on *each* basis for relief asserted in the petition. Petitioner concedes that this issue was not raised before the post-conviction court but urges us to review the issue as error apparent on the face of the record. The state responds that the judgment satisfies the requirements of ORS 138.620(2) and ORS 138.640, that the errors claimed by petitioner are reasonably in dispute, and that, in any event, any error is harmless because it does not affect petitioner's substantial rights.

We may review error as error apparent on the face of the record if (1) the error is an error of law, (2) the error is obvious and not reasonably in dispute, and (3) the error appears on the face of the record in the sense that the reviewing court need not go outside the record to identify it. If those requirements are met, we then must determine whether to exercise our discretion to review the claim of error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

Petitioner relies on the provisions of ORS 138.620(2) and ORS 138.640 for the proposition that the post-conviction court's failure to make express findings and conclusions in the judgment was plain error. ORS 138.620(2) provides, in part, that, "[i]f the petition states a ground for relief, the court shall decide the issues raised * * *[.]" ORS 138.640 provides, in part, that, "[a]fter deciding the issues raised in the proceeding * * * [t]he judgment must state clearly the grounds on which the cause was determined * * *." Initially, we disagree with petitioner's argument that those statutes require express findings and conclusions. The statutes, when read together, require the post-conviction court to decide all issues in the petition and to clearly state the "grounds on which the cause was determined." Nothing on their face requires express findings regarding the facts of the case— and conclusions that follow from those findings—as to *each* basis for relief in the petition. Rather, the legislature has chosen to impose the more general requirement that a court

clearly state the grounds for determination.[1] Indeed, petitioner's proposed construction of ORS 138.640 would require us to insert new terms into the statute. *See State v. Hart,* 329 Or 140, 145-46, 985 P2d 1260 (1999) (declining to impose a requirement on courts to make written findings under ORS 137.106, and noting that "the word 'findings' does not appear in that section at all").[2] Accordingly, we reject petitioner's initial argument that the post-conviction court plainly erred by failing to include in the judgment express factual findings and legal conclusions on each of petitioner's alleged bases for relief because, at a minimum, there is a reasonable dispute about what the statute requires.

■ We next turn to petitioner's argument that the post-conviction court plainly erred by leaving blank the "findings and conclusions" portion of the judgment. The "findings and conclusions" portion of the judgment appears to have been designed to track the ORS 138.640 requirement of a statement of the grounds on which the cause was determined. By leaving those lines blank, the post-conviction court, at first glance, appears to have abdicated its obligation under ORS 138.640 to state clearly the grounds on which the cause was determined. However, the second page of the judgment states that the petition is denied "FOR THE REASONS STATED ON THE RECORD * * *." (Uppercase in original.) By that

---

[1] For example, an express finding might be a finding that a petitioner's testimony was not credible or that a particular allegation of fact did not occur. In contrast, a general statement determining a claim might be that a petitioner did not carry his burden of proof by a preponderance of the evidence as to his or her allegation.

[2] Petitioner also cites a number of cases in which Oregon appellate courts have remanded post-conviction proceedings for further findings, arguing that those cases recognize a post-conviction court's obligation to make express findings and conclusions. *Fisher v. Wright,* 106 Or App 772, 809 P2d 724 (1991); *Meyer v. Maass,* 106 Or App 32, 806 P2d 695 (1991); *Haynes v. Keeney,* 85 Or App 473, 737 P2d 149 (1987); *Guinn v. Cupp,* 304 Or 488, 747 P2d 984 (1987); *State v. Miller,* 55 Or App 682, 639 P2d 697 (1982); *State v. Haynes,* 41 Or App 321, 597 P2d 1297 (1979). Those cases are inapposite. In each case, the petitioner assigned error to a substantive issue of law underlying the judgment; because the appellate court could not determine from the record the basis for the post-conviction court's ruling, the cases were remanded to allow the post-conviction court an opportunity to explain its reasoning. Petitioner, however, assigns error to the failure to render express findings and conclusions, not to an underlying substantive issue. Petitioner has not directed us to any cases in which Oregon appellate courts have held that, in post-conviction cases, the court's failure to make express findings of fact and conclusions of law as to each issue presented in the petition is itself reversible error.

statement, the post-conviction court incorporated by reference the reasons stated orally on the record during the hearing into the judgment.

Thus, the issue becomes whether the post-conviction court's methodology is a permissible way to satisfy the statutory requirement that the judgment "clearly state the grounds on which the cause was determined." In light of the language of ORS 138.640, which does not expressly prohibit incorporation by reference, that issue is reasonably in dispute and therefore not subject to an error apparent on the face of the record analysis.[3]

Affirmed.

---

[3] We do not determine whether the trial court's methodology satisfied ORS 138.620(2) and ORS 138.640. Rather, given the nature of our plain error review, our inquiry ceases upon a determination that the judgment's compliance with those statutes is reasonably in dispute.