Argued and submitted May 12, affirmed October 12, 2005

JOHNNY BANKS TAYLOR,
*Appellant,*

*v.*

Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

03-01-2577M; A123327

120 P3d 1248

Ingrid A. MacFarlane argued the cause and filed the brief for appellant.

Denis Vannier, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

EDMONDS, P. J.

---

* Wollheim, J., *vice* Richardson, S. J.

**EDMONDS, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief, ORS 138.510 to 138.680. On appeal, he raises issues based on statutory provisions that govern the contents of post-conviction relief judgments. Because petitioner did not preserve his arguments below, and because error is not apparent on the face of the record, ORAP 5.45, we affirm.

Petitioner was convicted of first-degree robbery. He subsequently petitioned for post-conviction relief, making numerous allegations of ineffective assistance of trial counsel. After hearing evidence on the allegations in the petition, the post-conviction court said in open court:

> "I read the materials last week very carefully. I listened carefully here to—to the testimony and obviously I read the affidavits. And I'm not going to make detailed findings because that would take me 15 to 20 minutes (INAUDI-BLE). But I'm going to make two.

> "One, that the DA and the defense attorney—the allegation that the DA and the defense attorney intentionally and deliberately suppressed the correct testimony of the victim, Miller, is simply a no way of proved, in no—not even close. So therefore the—everything that falls from that is simply denied.

> "The motion to suppress did not deal with the identification, it only dealt with the procedure used. And the court in the motion to suppress was only ruling on the procedure used, not whether it was good, the idea was good, not whether it was fair, not whether it was awful, that's all it said. The jury heard—the jury heard the correct version of the facts and they found the defendant guilty. And I am finding that—although I'm not making specific findings, that the petitioner has failed to prove all the allegations in the petition. * * *"

Petitioner did not object to the level of detail in the findings, or request different or additional findings at the time of the post-conviction court's pronouncement. The post-conviction court then entered a judgment that provided, in part, that the petition was "denied based upon the following findings

and conclusions: [p]etitioner failed to prove all allegations in the petition."

■      On appeal, petitioner argues that the judgment is defective (1) because it demonstrates that the post-conviction court required him to prove all of his allegations of ineffective assistance when ORS 138.530 requires him to prove only one of his allegations, and (2) because it does not include express findings and conclusions as to each allegation as required under ORS 138.640. He concedes that he did not make objections in the post-conviction court on those grounds after the judgment was entered. He argues, however, that he preserved the above issues for purposes of appeal through statements made in his trial memorandum filed with the post-conviction court before his hearing. Alternatively, he argues, we should reach those issues as error apparent on the face of the record. We disagree with petitioner regarding both contentions.

Petitioner argues that he preserved a claim of error with the following sentences in his trial memorandum:

"The [j]udgment, in a post-conviction case, must conform to ORS 138.640 and must be responsive in the nature of the claim(s) raised. * * *

"Petitioner asserts his rights to a written opinion consistent with ORS 138.640, including findings of fact and conclusions of law."

However, those statements make no reference to ORS 138.530, which provides, in part, that post-conviction relief "shall be granted by the court when one or more of the following grounds is established by the petitioner." As to petitioner's contention under ORS 138.640, that statute provides, in relevant part, that "[t]he [post-conviction relief] judgment must clearly state the grounds on which the cause was determined[.]" The statements in petitioner's trial memorandum, made *before* the post-conviction court's oral findings and judgment, however, did not alert the post-conviction court to petitioner's contentions that the judgment *as drafted* post-hearing is deficient under ORS 138.640, or that it does not comply with petitioner's requests in his trial memorandum for a written opinion responsive to his allegations. Thus, the post-conviction court had no opportunity post judgment

to rule on the issues raised by petitioner's arguments concerning the contents of the judgment, and the issues raised by those arguments are therefore unpreserved. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

We turn to petitioner's argument that the above claims of error constitute error apparent on the face of the record. The requirements for reviewing a claim of error as error apparent on the face of the record are (1) the error must be an error of law, (2) the error must be obvious and not reasonably in dispute, and (3) the error must appear on the face of the record in the sense that the reviewing court need not go outside the record to identify it. If those requirements are met, we then must determine whether to exercise our discretion to review the claim of error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

Here, one plausible reading of the judgment is that petitioner did not prove *any* of his allegations, not that he needed to prove all of the allegations to obtain relief. Moreover, as the state argues, it is presumed that the post-conviction court understands the law and intends to enter a valid judgment. *Bennett v. Bennett*, 208 Or 524, 529, 302 P2d 1019 (1956). It follows that any error by the post-conviction court on the ground that it required petitioner to prove all his allegations is reasonably in dispute.

Second, petitioner argues that the post-conviction court plainly erred by failing to make express findings of fact and conclusions of law as to each allegation of ineffective assistance. For the reasons stated in *Whipple v. Hill*, 202 Or App 34, 120 P3d 1251 (2005), also decided on this date, we reject that argument. Considering that the legislature required a statement of the "grounds on which the cause was determined" as opposed to express findings of fact and conclusions of law, it is in reasonable dispute whether the statement that "[p]etitioner failed to prove all allegations in the petition" is sufficient under ORS 138.620(2) and ORS 138.640. Accordingly, we will not review that issue as plain error.

Affirmed.