Argued and submitted June 20, 2007, reversed and remanded on claim of
ineffective assistance of counsel for failure to conduct an adequate investigation;
otherwise affirmed June 25, 2008

## VERENDRA DATT,
*Petitioner-Appellant,*

*v.*

## Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
05024238M; A130434

188 P3d 384

David J. Celuch argued the cause and filed the brief for appellant.

Anna Marie Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

Rosenblum, J., dissenting.

## ARMSTRONG, J.

Petitioner appeals a judgment that denied his petition for post-conviction relief. He raises four assignments of error. Our resolution of petitioner's fourth assignment of error, which is that the court erred in failing to enter a judgment that complied with ORS 138.640, leads us to reverse and remand the judgment on the first of two claims that petitioner pursues on appeal. We otherwise affirm the judgment.

Petitioner was convicted of five counts of sexual abuse in the first degree and one count each of criminal mistreatment in the first degree, assault in the third degree, and assault in the fourth degree. He petitioned for post-conviction relief under ORS 138.530(1)(a), alleging, for various reasons, that he was denied his rights to the effective assistance of counsel and to due process that are guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and by Article I, section 11, of the Oregon Constitution. The court denied the petition after a trial. The court's post-conviction judgment stated that the petition was "denied based upon the following findings and conclusions: failure of proof." The judgment also stated that the post-conviction proceeding presented both state and federal constitutional questions. In a post-judgment letter to the court, petitioner objected to the judgment, arguing that it did not comply with ORS 138.640 because it did not clearly state the grounds on which the court had determined the cause.[1] Petitioner makes the same argument on appeal.

We review for legal error. ORS 138.220; ORS 138.650. Petitioner contends that the phrase "failure of proof" is inadequate to meet the statutory requirement that a post-conviction judgment contain a clear statement of the grounds on which the cause was determined. According to petitioner, the statement is inadequate because it leaves us to speculate about the bases on which the court denied the petition, for example, whether it denied the petition because plaintiff

---

[1] We assume that petitioner's post-judgment letter preserved petitioner's objection to the judgment because it raised the objection at the first available opportunity. *See State v. Gutierrez*, 170 Or App 91, 11 P3d 690 (2000); *State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999).

failed to prove that his attorney in the criminal case provided him with constitutionally deficient representation or because he failed to prove that he suffered prejudice as a result of deficient representation. In petitioner's view, that failure affects our ability to determine on appeal whether the trial court erred in denying him post-conviction relief. The state argues in response that the post-conviction court's statement that the petition was denied for failure of proof should be understood to mean that petitioner failed to prove each element of each ground for relief that he had alleged in his petition. Based on that understanding, the state contends that the judgment complies with ORS 138.640.

ORS 138.620(2) provides that, if a petition for post-conviction relief "states a ground for relief, the court shall decide the issues raised." ORS 138.640 provides, in turn, that

"[a]fter deciding the issues raised in the proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. * * * The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

We have explained that "[t]he purpose of ORS 138.640 is to provide an appellate court with knowledge of what issues were presented and resolved by the trial court." *Barzee v. Cupp*, 29 Or App 705, 707, 564 P2d 1366 (1977); *see also* Jack G. Collins and Carl R. Neil, *The Oregon Postconviction-Hearing Act*, 39 Or L Rev 337, 355 (1960).[2] By imposing that requirement, the statute helps to ensure that an appellate court will have sufficient information about the bases on which the trial court resolved the issues in a post-conviction case to enable the appellate court to determine whether the trial court committed a legal error that affected the result.

---

[2] The version of ORS 138.640 at issue in *Barzee* provided:

"The order making final disposition of the petition shall state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided."

The statute was amended by Or Laws 2003, ch 576, § 245, to state: "The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." Our analysis is not affected by the amendment.

Appellate review of a judgment that meets that standard can be contrasted with review of a judgment that simply denies or grants relief with no explanation of the basis of the court's decision. In the latter case, and consistently with *Ball v. Gladden*, 250 Or 485, 488, 443 P2d 621 (1968), a reviewing court is required to assume that, to the extent that the trial court's decision is based on facts found by the court, the court found the facts in a manner consistent with its decision. In some cases, that may lead a reviewing court to affirm a decision that it would be required to reverse if it knew the facts that the trial court had found. That is because the trial court could have misapprehended the law so that it reached the result that it did on the facts that it found when, under a correct understanding of the law, it would have been required to reach a different result on those facts. Nonetheless, because trial courts in such cases are not required to state the bases for their decisions, appellate review will not correct errors of that kind. Review in such cases will be able to correct only those errors that affect the result irrespective of the facts found by the trial court. In contrast, a judgment that complies with ORS 138.640 by identifying the bases on which a trial court resolved the issues in a post-conviction case will better ensure that the appellate court can identify and correct all errors that affected the result in the case.

Here, defendant contends that the statement in the judgment that petitioner's claims were rejected for "failure of proof" should be understood to mean that the court resolved all factual issues in the case favorably to defendant. If we were to accept that understanding of the statement, then the judgment in this case would be indistinguishable from a judgment that had no explanation of the basis of the court's decision. As explained above, if a judgment simply denies relief, then we are required to assume that the trial court resolved all factual issues in favor of the defendant, even if it did not, in fact, do that. The problem with interpreting "failure of proof" to mean that the court resolved all factual issues in favor of the defendant is that the phrase does not necessarily mean that and, hence, interpreting the phrase that way means that, in some cases, we would treat the trial court as having resolved all factual issues in favor of the defendant when, in fact, it had not done that.

For example, a post-conviction petitioner could claim that she had received ineffective legal assistance of trial counsel in deciding whether to accept a guilty plea. To prevail on that claim, the petitioner would have to prove (1) that counsel had failed to provide her with legal assistance that was constitutionally adequate to enable her to make an informed decision about whether to plead guilty and (2) that she was prejudiced by counsel's deficient representation. In such a case, prejudice can be shown by proving that the petitioner would not have pleaded guilty and, instead, would have proceeded to trial. *See Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991).

In such a case, a court could find, based on the evidence submitted at the post-conviction trial, that counsel's conduct in the criminal case met the constitutional standard for effective legal assistance, and, as a consequence, the court might not resolve, because it would not have to resolve, whether the petitioner suffered any prejudice, that is, whether the petitioner would, in fact, have rejected the guilty plea had counsel given her the additional information that she alleged that she should have been given. Assume, further, that the court entered a judgment that described the basis of its decision as "failure of proof."

If we gave "failure of proof" the meaning for which defendant contends, we would interpret the judgment to mean that the trial court had resolved all factual issues in favor of the defendant when, in fact, it had not done that. Consequently, on appeal, we might affirm the decision on the ground that the trial court had not believed the petitioner's testimony that she would have gone to trial rather than plead guilty, even though the court had not, in fact, denied the petition on that basis. Furthermore, by affirming the judgment on that basis, we would not consider whether the trial court had erred in deciding the case on the basis on which it actually had decided it, to wit, that counsel had provided the petitioner with constitutionally adequate representation. If the court had erred in reaching that conclusion, it would mean that we would affirm a legally erroneous decision.

We therefore reject defendant's contention that "failure of proof" should be understood to mean that the post-conviction court resolved all factual issues in this case in

favor of defendant. If the basis for the trial court's decision was that it, in fact, resolved all issues of ultimate fact in favor of defendant, then it needed to say that in the judgment in order to comply with ORS 138.640.

Here, the claims that petitioner presented at trial and has raised on appeal that implicate ORS 138.640 are claims that his trial counsel in his criminal case failed to meet the constitutional standard for effective legal representation in two respects: (1) he failed to conduct an adequate investigation and, as a result, failed to call a witness, Rogers, to testify about facts that arguably could have impeached the credibility of the complaining witnesses against petitioner, and (2) he requested and got an instruction from the court that told the jury that it could not consider for any purpose the fact that petitioner was in custody during the trial.

For petitioner to prevail on those claims, he had to prove that his trial counsel took or failed to take the actions about which petitioner complained; that taking or failing to take those actions constituted conduct that did not meet the constitutional standard for effective legal representation; and that petitioner suffered prejudice as a result of the conduct.

■ With regard to the first claim, the issues were whether petitioner's counsel in the criminal case knew or should have known of the facts about which petitioner claims Rogers could have testified; whether counsel failed to provide petitioner with constitutionally adequate representation by failing to call Rogers as a witness; and whether petitioner was prejudiced because Rogers did not testify in the criminal case.

Rogers testified by affidavit that he was not interviewed by petitioner's counsel, Vogt, in the criminal case. He further testified about facts that petitioner contends were admissible in the criminal case and that would have impeached the credibility of the complaining witnesses against petitioner. Vogt testified by affidavit, in turn, that he had interviewed a number of people, that he "was aware of all the salient details of [the] case," and that he had "met with all relevant witnesses."

In the face of that evidence, the post-conviction court could resolve the claim on a number of bases, depending on how it viewed the facts. For example, it might find that Vogt had adequately investigated the case notwithstanding his failure to interview Rogers. Alternatively, it might conclude that Rogers's proposed testimony would not have had a tendency to affect the result in the criminal case, so petitioner suffered no prejudice from trial counsel's failure to seek its admission. Whatever the basis or bases on which the court, in fact, resolved the claim, it needed to identify in the judgment the basis or bases on which it did so in order to comply with ORS 138.640. Given the range of possible bases, "failure of proof" is an insufficient statement.

The dissent disagrees, reasoning that "failure of proof" necessarily means that the court found in favor of defendant on whether trial counsel had adequately investigated and presented evidence for petitioner in the criminal case. In its view, if the trial court had rejected the claim on the ground that petitioner had not been prejudiced by counsel's failure to interview and call Rogers as a witness, then the court would have said so. 220 Or App at 668 (Rosenblum, J., dissenting).

There is no basis for that conclusion. As the dissent recognizes, there are two elements to petitioner's claim. Failure to prove either element would defeat the claim, so "failure of proof" can refer to either or both elements. Furthermore, our ability to review the court's decision depends on knowing which elements the court concluded that petitioner had failed to prove.

For example, the trial court could find on this record that counsel knew of Rogers but failed to interview him or otherwise to evaluate the import of his potential testimony. It could find, in turn, that counsel's failure to do that constituted a failure to exercise reasonable professional skill and judgment in representing petitioner. Those failures could have prejudiced petitioner. Although Rogers's testimony would generally have duplicated testimony by petitioner's wife and her son, Rogers was not a family member whose testimony the jury could readily discount as biased in favor of petitioner. Rather, he was a person who had worked as a

caregiver in the family home and who, consequently, could be considered by the jury to be an unbiased witness. Because of that, his testimony could have been viewed differently by the jury from that of petitioner's wife and her son. Consequently, the failure to present his testimony could have prejudiced petitioner because the testimony, if admitted, could have affected the result in the case.

Because failure of proof encompasses both elements of petitioner's claim, we cannot know whether the court rejected petitioner's claim solely on the prejudice element. As our discussion indicates, it would have erred had it done that. We nevertheless would affirm the decision if we assumed, erroneously, that failure of proof encompasses both elements. That is because, on this record, the post-conviction court could find against petitioner on the first element of his claim, and we would affirm such a decision because the evidence in the record would support such a finding. Consequently, we need to know the basis on which the trial court rejected petitioner's claim in order to ensure that we do not affirm an erroneous decision on appeal. The court's statement that it rejected the claim for "failure of proof" is insufficient to permit us to do that on the first claim.

The dissent further contends that our decision is inconsistent with *dictum* in *Whipple v. Hill*, 202 Or App 34, 38 n 1, 120 P3d 1251, *rev den*, 339 Or 701 (2005), and that it will require us to reverse and remand cases without regard to whether the failure to comply with ORS 138.640 affects our ability to review them on their merits. 220 Or App at 668 (Rosenblum, J., dissenting). The dissent is wrong on both counts.

We stated in *Whipple* that a post-conviction judgment would satisfy ORS 138.640 if it said that the "petitioner did not carry his [or her] burden of proof by a preponderance of the evidence as to his or her allegation." *Id*. Here, there are two factual allegations at issue in petitioner's claim: that trial counsel failed to adequately investigate and present evidence for petitioner in the criminal case and that petitioner suffered prejudice as a result. The judgment would be sufficient, and it would meet the standard described in *Whipple*, if it had said that petitioner had failed to carry his burden of

proof on both (that is, all) allegations of his claim. However, as we have explained, the judgment does not say that. And, because it does not, we cannot resolve whether the trial court erred in rejecting the claim.

■ As to the dissent's second point, our disposition of the appeal in this case refutes it. Petitioner raises two claims on appeal about the adequacy of his counsel's performance in the criminal trial. Both claims were rejected by the trial court for the same reason: "failure of proof." We reverse one of the claims under ORS 138.640 because the failure to comply with the statute impairs our ability to resolve the claim on its merits on appeal. As the following discussion indicates, however, we affirm the other claim because the court's statement of the basis of its decision has not impaired our ability to resolve the claim on its merits. Hence, our holding in this case is consistent with our prior post-conviction decisions by requiring reversal and remand only when the failure to comply with ORS 138.640 affects our ability to perform our review function.

■ Petitioner's second claim concerns the instruction that his counsel requested and that the court gave that told the jury that it could not consider for any purpose the fact that petitioner was in custody during the criminal trial. There was testimony at the criminal trial that could have led the jury to understand that petitioner was in custody. Further, a uniformed officer was in court during the trial. Petitioner contends, however, that those facts would not necessarily have led jurors to understand that he was in custody. Consequently, in his view, his counsel acted in a way that denied him the effective assistance of counsel by requesting an instruction that ensured that the jurors knew that he was in custody.

Defendant contends, in response, that in light of the undisputed facts, jurors very likely knew that petitioner was in custody. In that light, defendant contends that counsel's decision to ask the court to instruct the jury that it could not consider for any purpose the fact that petitioner was in custody was an appropriate action for counsel to take to protect petitioner against any prejudice caused by the awareness by jurors that he was in custody.

There is no dispute about the testimony that was presented at the criminal trial and about the presence of the uniformed officer in the courtroom. Whether those facts could lead jurors to believe that petitioner was in custody during the trial; whether, as a consequence, competent counsel would request the instruction about petitioner's custody status that counsel requested; and whether petitioner was prejudiced by the instruction, presented issues for the post-conviction court to resolve. Its resolution of those issues would constitute the basis of its decision on the claim, and it needed to be stated in the judgment to comply with ORS 138.640.

■ However, we need not remand the judgment for the trial court to identify the basis of its decision on petitioner's second claim, because, no matter how the trial court resolved the issues presented by the first element of the claim, the claim necessarily founders on the second element. At the request of petitioner's trial counsel, the court had instructed the jury that petitioner's custody status could "not be used as evidence and should not be considered by [the jury] in any way during the course of its deliberations." Jurors are presumed to follow a court's instructions. *State v. Thompson*, 328 Or 248, 271, 971 P2d 879, *cert den*, 527 US 1042 (1999). Petitioner presented no evidence that would support a finding that any juror acted contrary to the court's instruction, that is, that any juror considered petitioner's custody status in reaching his or her verdict. Thus, petitioner failed to present evidence to establish that he was prejudiced by counsel's request that the court instruct the jury on petitioner's custody status. *Cf. id.* ("Defendant has not shown that the jurors who served in this case failed to follow the court's instructions. We find no prejudice to defendant.").

In short, regardless of the grounds on which the post-conviction court rejected petitioner's second claim, we conclude that the claim necessarily fails because petitioner failed to establish that he suffered any prejudice from the jury instruction that counsel requested. Consequently, there is no reason for us to remand the claim for a statement that complies with ORS 138.640.[3]

---

[3] Petitioner also assigned error to the post-conviction court's failure to rule on petitioner's motion to strike a paragraph in an affidavit of trial counsel that

Reversed and remanded on claim of ineffective assistance of counsel for failure to conduct an adequate investigation; otherwise affirmed.

**ROSENBLUM, J.,** dissenting.

In *Whipple v. Hill*, 202 Or App 34, 37-38, 38 n 1, 120 P3d 1251, *rev den*, 339 Or 701 (2005), we noted that ORS 138.640 does not require express findings, and we explained that a clear statement of the grounds for determination could consist of a general statement that the petitioner "did not carry his burden of proof by a preponderance of the evidence as to his or her allegation." The majority now holds that such a statement does not satisfy the statute. I disagree and therefore respectfully dissent.

Even ignoring the fact that the judgment in this case is consistent with what we said in *Whipple*, the "grounds on which the cause was determined" are clear. There is no ambiguity in the post-conviction court's statement "failure of proof." It is clear to me that the court was saying that petitioner failed to prove that his criminal trial counsel provided inadequate assistance. Had the court determined that counsel's performance was deficient, I believe it would have said so, even if it ultimately concluded that petitioner suffered no prejudice. For that reason, I believe that the judgment satisfied the requirements of ORS 138.640. The court was not required to say anything more.

It is true that, in some post-conviction cases, we have remanded for further findings or conclusions where the specific reasons for the post-conviction court's ruling were not clear. *See Whipple*, 202 Or App at 38 n 2 (citing such cases). However, in those cases, our decision was not based on a failure to comply with ORS 138.640. Rather, the remand was driven by the practical needs of meaningful appellate review of a substantive issue. *See, e.g., Haynes v. Keeney*, 85 Or App 473, 476, 737 P2d 149 (1987) (remanding for explanation of the court's conclusion that the petitioner did not meet his burden of proof, because, if the conclusion was based on the petitioner's failure to introduce a transcript of the criminal

defendant submitted in the post-conviction proceeding. We reject that assignment without discussion.

proceedings into evidence, the conclusion was erroneous, but if the court instead determined that the petitioner's testimony about the proceedings was not credible, the conclusion was proper); *cf. McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 187, 957 P2d 1200 (1998) (stating that the requirement of explanatory findings in attorney fee awards "stems not from a statute or rule of appellate procedure but from prudential and practical considerations that undergird the interests of the parties and the court in meaningful appellate review").

In my view, this is not such a case. As noted above, it is clear to me that the post-conviction court determined that petitioner failed to prove that his counsel's performance was deficient. The record supports that determination.[1] No additional findings or conclusions are necessary to afford meaningful appellate review.

By erroneously inserting what has heretofore been a strictly prudential requirement into the statute, the majority opens the door to a new class of appeals and remands. Until now, the absence of a specific explanation of the basis for the trial court's ruling has necessitated a remand only when it affected our ability to review substantive issues. Now, because the majority concludes that the absence of a specific explanation violates ORS 138.640, the failure to make such an explanation is itself a reversible error. Consequently, we will be required to remand even when doing so will have absolutely no impact on our ability to review substantive issues. Indeed, the majority's holding creates a basis for appeal even when there are no substantive issues.

In short, I do not believe that either ORS 138.640 or prudential considerations require a remand in this case. Thus, I would not reverse this case without reaching petitioner's third assignment of error. In it, petitioner contends that the post-conviction court erred in failing to rule on a relevance objection that he made to a paragraph in an affidavit

---

[1] In other words, in addition to rejecting petitioner's fourth assignment of error, in which he challenges the adequacy of the post-conviction court's statement of the grounds on which the cause was determined, I would reject his first and second assignments of error, in which he challenges the court's substantive rulings on his claims for relief.

submitted by his criminal trial counsel. The court stated that it would take the objection under advisement and possibly disallow all or part of the paragraph; however, it never indicated how or whether it eventually ruled.

Evidentiary error is not presumed to be prejudicial. OEC 103. Assuming, without deciding, that the court admitted the objected-to paragraph and that its admission was erroneous, petitioner has not shown that the error was prejudicial.

Because we can resolve this appeal without remanding for further explanation by the post-conviction court, I respectfully dissent.