Submitted on petition for review filed August 14 on behalf of petitioner on review,
petition allowed, decision of Court of Appeals reversed, and case remanded
October 15, 1985

## BUSTER W. OWENS,
*Petitioner on Review,*

*v.*

## CUPP,
*Respondent on Review.*

## (TC 143,980; CA A33329; SC S32044)

707 P2d 1225

## MEMORANDUM OPINION

In 1981, petitioner was convicted of robbery and kidnapping and, after his probation for a previous offense was revoked, he was sentenced. Upon appeal, petitioner's convictions and sentences were affirmed by the Court of Appeals. 58 Or App 739, 650 P2d 124 (1982). No petition for review was filed with this court.

In 1983, petitioner filed a petition for post-conviction relief wherein petitioner made three claims: (1) that his sentences were not properly imposed; (2) that he had ineffective trial counsel; and (3) that he had ineffective appellate counsel. The matter was argued before the post-conviction trial court. Thereafter, by letter opinion, the post-conviction trial court granted relief to petitioner, finding error as asserted by petitioner on his first claim, in the imposition of a five-year mandatory minimum sentence and three separate sentences for kidnapping. The relief granted on the first claim effectively resolved the third claim. The letter opinion of the post-conviction trial court made no reference to the second claim of ineffective trial counsel. Petitioner's post-conviction trial lawyer prepared the judgment which corrected the original sentencing error and, in turn, disposed of the alleged appellate counsel error. The post-conviction judgment made no mention of petitioner's second claim. Petitioner then appealed to the Court of Appeals contending that the post-conviction trial court erred in failing to make specific findings on all claims in the petition and in failing to reverse the conviction as requested in petitioner's second claim. In the Court of Appeals, the state conceded that the post-conviction trial court had erred in failing to enter findings and conclusions on petitioner's second claim. However, the state contended that the error was not preserved, pointing to the fact that petitioner's post-conviction trial lawyer had prepared the judgment and that the post-conviction trial court's failure to mention the second claim implies that it was denied. The Court of Appeals affirmed the post-conviction trial court judgment, without written opinion.

Under the terms of the pertinent statute, ORS 138.640,[1] the post-conviction trial court was required to state

---

[1] ORS 138.640 provides:

"After deciding the issues raised in the proceeding, the court shall deny the

the grounds upon which the cause was determined in the judgment making final disposition of the petition. The fact that the post-conviction trial court may have been led into the oversight by an error of the post-conviction trial lawyer in the preparation of the judgment does not relieve the post-conviction trial court of its statutory responsibility.

The Court of Appeals is reversed. The case is remanded to the trial court to make its determination on petitioner's second claim and to enter appropriate judgment thereon.

---

petition or enter an order granting the appropriate relief. The court may also make orders as provided in ORS 138.520. The order making final disposition of the petition shall state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided. This order shall constitute a final judgment for purposes of appellate review and for purposes of res judicata."