Submitted on July 9, 2007, reversed and remanded May 7, 2008

## EDWARD LAWRENCE LEAHY,
*Petitioner-Appellant,*

*v.*

## Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
03072960M; A125687

185 P3d 464

Patrick M. Ebbett and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Petitioner appeals an amended general judgment denying his petition for post-conviction relief. He argues that the amended judgment did not comply with ORS 138.640.[1] We reverse and remand for entry of a judgment that conforms with the statute.

Pursuant to a plea agreement, petitioner was convicted of two counts of sex abuse in the second degree, ORS 163.425, and placed on probation. After his probation was revoked, he was sentenced to two consecutive 60-month terms. Petitioner appealed his convictions, and we affirmed. *State v. Leahy*, 183 Or App 377, 52 P3d 450 (2002).

After the judgment on his direct appeal was final, petitioner filed a petition for post-conviction relief, alleging ineffective assistance of both trial counsel and appellate counsel concerning the revocation of his probation. At the conclusion of the hearing, the post-conviction court explained orally its conclusions on some, but not all, of the claims raised by the petition. Thereafter, the court entered a general judgment (first judgment) denying relief.

The first judgment was a "check the box" form. On the first page of the judgment, the post-conviction court checked a box indicating that the case involved a petition for post-conviction relief and checked a box indicating that the petition was "denied based upon the following findings and conclusions[.]" Below the box denying the petition "based upon the following findings and conclusions" were three

---

[1] ORS 138.640 (2005), *amended by* Oregon Laws 2007, chapter 193, section 2, provided:

"After deciding the issues raised in the proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. The judgment may include orders as provided in ORS 138.520. The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

ORS 138.640 was amended by the legislature in 2003, *see* Oregon Laws 2003, chapter 576, section 245, and again in 2007, *see* Oregon Laws 2007, chapter 193, section 2. The 2003 amendments became effective on January 1, 2004, and stated that the court was required to enter a "judgment," as opposed to an "order," denying the petition or granting the appropriate relief. Because the judgment at issue here was entered in 2005, we refer to the version of ORS 138.640 in effect at that time.

blank lines, which the court left blank. At the bottom of the first page, the court also checked boxes indicating that the matter involved federal and state constitutional issues. Following those boxes, the judgment stated, "All questions were presented and decided." On the second page of the judgment, the court checked a box indicating, "FOR THE REASONS STATED ON THE RECORD, IT IS FURTHER ORDERED THAT JUDGMENT BE, AND HEREBY IS GIVEN IN FAVOR OF" the state. (Uppercase in original.)

Petitioner moved for a corrected judgment, arguing that the first judgment did not comply with ORS 138.640 because the first judgment did not "state clearly the grounds upon which the cause was determined * * *." In response, and without a hearing, the post-conviction court added to the first judgment, on the three blank lines, that there were "findings on the record" (second judgment).

Petitioner filed a *pro se* notice of appeal from the second judgment. We dismissed that appeal because, based on the entry date of the first judgment, his appeal was untimely. Petitioner moved for reinstatement of the appeal based on the fact that the second judgment had not been entered in the trial court register. In addition, petitioner requested leave to have the post-conviction court enter an appealable judgment pursuant to ORS 19.270(4). We reinstated the appeal and gave the post-conviction court leave, on the motion of any party, to enter an amended judgment.

One week after we reinstated the appeal, the post-conviction court, again without a hearing, entered an amended general judgment (third judgment)—the judgment at issue here—using the same "check the box" form. In that judgment, the court checked the box indicating that the case involved a petition for post-conviction relief and the box indicating that the petition was "denied based upon the following findings and conclusions:" "Findings on the record[.]" However, the court did not check the boxes indicating that the matter involved federal and state constitutional issues or that judgment was given in favor of the state. Petitioner filed a notice of appeal from the third judgment.

On appeal, petitioner argues that the post-conviction court's third judgment "failed to state clearly the

grounds on which petitioner's case was determined, or whether state and federal questions were presented and decided." Therefore, petitioner argues, the third judgment is insufficient under ORS 138.640. In response, the state argues that the third judgment was sufficient under the statute and, even if it was not, any error in failing to check the "state or federal" box was harmless.[2]

On the merits, petitioner argues that the third judgment does not comply with ORS 138.640 because the postconviction court did not address orally all of petitioner's claims of ineffective assistance of counsel, and the third judgment makes no separate findings and conclusions other than stating that the findings were made "on the record."

The Supreme Court addressed a similar issue in *Owens v. Cupp*, 300 Or 158, 160, 707 P2d 1225 (1985). There, the post-conviction court had disposed of two claims resulting in modification of the petitioner's sentence but had not disposed of a third claim that, if granted, would have resulted in a reversal of conviction. The state conceded that the court had failed to enter findings and conclusions on the claim, but argued that the error was not preserved. The Supreme Court rejected that argument, holding that the post-conviction court was not relieved of its statutory responsibility under ORS 138.640 to state the grounds upon which the cause was determined. *Owens*, 300 Or at 161. The Supreme Court reversed and remanded to the post-conviction court to make a determination on the claim not disposed of in the judgment and to enter an appropriate judgment.

Likewise, in this case, the third judgment does not "clearly state the grounds on which the cause was determined," and does not indicate "whether a state or federal question was presented and decided" as required under ORS 138.640. The third judgment, incorporating the oral findings,

---

[2] The procedural posture of this case is unusual. Petitioner's motion to correct the first judgment raised the issue of compliance with ORS 138.640. The second judgment was never entered in the trial court register and was not the final disposition. The post-conviction court entered the third judgment, which is a final disposition, but never gave petitioner the opportunity to explain to the court the deficiencies in the first judgment. Given those circumstances, petitioner sufficiently raised the issue below.

did not decide all the claims of ineffective assistance of counsel raised in the petition for post-conviction relief.

The state points out that the post-conviction court made express findings on *some* of the claims raised in the petition, and the third judgment stated that "[a]ll questions were presented and decided." The state argues that, under *Whipple v. Hill*, 202 Or App 34, 120 P3d 1251, *rev den*, 339 Or 701 (2005), ORS 138.640 "neither prohibits that methodology nor requires more." In *Whipple*, the petitioner argued that we should consider a deficiency in a post-conviction judgment under the plain error doctrine. However, in *Whipple*, we stated that "the post-conviction court orally made express findings and conclusions regarding a number of petitioner's allegations of ineffective assistance and concluded by stating, 'I will deny the petition for post-conviction relief on all grounds.'" 202 Or App at 36.

Therefore, the issue in *Whipple* was not whether the court had decided all of the claims but whether the court's methodology of leaving blank the "findings and conclusions" portion of the judgment—but stating that the petition was denied for reasons stated on the record—was a permissible way to satisfy the statutory requirements. *Id.* at 38. We held that, "[i]n light of the language of ORS 138.640, which does not expressly prohibit incorporation by reference, that issue is reasonably in dispute and therefore not subject to an error apparent on the face of the record analysis." *Id.* at 39.

The holding in *Whipple* is inapposite to this case, where the post-conviction court failed to dispose of all of petitioner's claims either on the record or in the judgment. Rather, the Supreme Court's holding in *Owens* controls the outcome of this matter.

Reversed and remanded.