Argued and submitted August 23, 2012, OAR 459-007-0005(11) and (12) and OAR 459-009-0200(2), (3), and (5) held valid April 3, 2013

Daniel C. RE,
*Petitioner,*

*v.*

OREGON PUBLIC EMPLOYEES
RETIREMENT SYSTEM,
*Respondent.*

Public Employees Retirement System Board
A148575

301 P3d 932

Gregory A. Chaimov argued the cause for petitioner. With him on the brief was Davis Wright Tremaine LLP.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Pursuant to ORS 183.400(1), petitioner challenges the validity of three administrative rules of the Public Employees Retirement System (PERS) that affect retirement benefits of judge members of PERS. The administrative rules are OAR 459-007-0005(11) and (12), regarding the annual earnings credit, OAR 459-009-0200(2), (3), and (5), regarding Oregon Judicial Department contributions on behalf of judge members, and OAR 459-011-0500, regarding the use of unused sick leave to increase judge members' retirement benefits.[1] Petitioner argues that the challenged administrative rules are prohibited by the Oregon Constitution Article IX, sections 10, 11, and 12.

As enacted by Oregon voters in 1994, Ballot Measure 8 amended the Oregon Constitution by adding three sections to Article IX: Article IX, section 10, provides, in part, that (1) every governmental employee must contribute six percent of the employee's salary to their retirement plan; (2) effective January 1, 1995, no government employer shall relieve any governmental employee from making the six percent contribution to the employee's retirement plan; and (3) effective January 1, 1995, no government employer shall increase a governmental employee's salary as a result of the employee's six percent contribution to the employee's retirement plan. Article IX, section 11, provides, in part, that no government employer shall guarantee any rate of interest or return in any retirement plan for any governmental employee. Finally, Article IX, section 12, provides, in part, that effective January 1, 1995, no retirement benefits for any governmental employee shall be increased as a result of or due to any unused sick leave. In 1996, the Supreme Court, in *Oregon State Police Officers' Assn. v. State of Oregon*, 323 Or 356, 361, 918 P2d 765 (1996) (*OSPOA*), expressly declared Article IX, sections 10, 11, and 12 void.[2]

---

[1] After oral argument, petitioner withdrew his challenge to OAR 459-011-0500 because judges do not receive any sick leave.

[2] The petition challenging the administrative rules was filed in May 2011, long after the Supreme Court decided *OSPOA*. The petition is timely because there is no limit specified in ORS 183.400 to challenge the validity of an administrative rule.

Petitioner acknowledges that the Supreme Court has declared Article IX, sections 10, 11, and 12 void. Nonetheless, petitioner argues that *OSPOA* was incorrectly decided. Petitioner recognizes that "this Court could question whether this Court has the authority in this proceeding to treat *OSPOA* * * * as invalid." Petitioner notes that even if this court cannot evaluate the validity of *OSPOA*, petitioner needs "to preserve the issue for review" before the Supreme Court.

Petitioner's primary argument is that the Supreme Court erred in invoking the rule of necessity when it decided *OSPOA,* and that the decision itself is therefore invalid. In *OSPOA*, 323 Or at 361 n 3, the Supreme Court stated,

> "All the justices of this court are members of the Public Employees' Retirement System (PERS). Thus, each justice may have some financial interest in the outcome of these cases. Notwithstanding, the 'rule of necessity' authorizes this court to adjudicate these claims. *See Hughes v. State of Oregon,* 314 Or 1, 5 n 2, 838 P2d 1018 (1992)."

*See also Strunk v. PERB*, 338 Or 145, 151 n 5, 108 P3d 1058 (2005) ("This is not the first instance in which the legislature has conferred jurisdiction specifically on this court to determine the validity of legislative or constitutional changes to PERS. In those prior instances, the 'rule of necessity' required the court to adjudicate these claims. *See* [*OSPOA*], 323 Or [at 361 n 3]; *Hughes*[, 314 Or at 5 n 2] (both discussing that doctrine). To the extent that the justices of this court either have, or arguably could be said to have, a financial stake in the outcome of this litigation, we likewise conclude that the rule of necessity requires that we decide the contractual and constitutional challenges that the legislature has directed us to adjudicate.")

We decline petitioner's invitation to regard *OSPOA* as "invalid." It is not this court's role to overrule, directly or indirectly, Supreme Court case law. While this court could certify the matter to the Supreme Court, both the judges on this court and the justices on the Supreme Court have the same interest as judicial members of PERS. Rather than certify the case, we invoke the rule of necessity, consistently

with the Supreme Court's decisions in *OSPOA* and *Strunk*, and determine the administrative rules to be valid.

OAR 459-007-0005(11) and (12) and OAR 459-009-0200(2), (3), and (5) held valid.