***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 24, vacated and remanded July 12, 2023

DAVID ABRAHAM MARCUS,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV05979; A176855

Claudia M. Burton, Senior Judge.

Margaret Huntington and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Vacated and remanded.

## JACQUOT, J.

Petitioner attempted to abduct a woman, admitted the crimes to several people, and subsequently pleaded guilty to kidnapping and attempted rape. Petitioner raised two claims in his petition for post-conviction relief. The post-conviction court's judgment denying relief addressed petitioner's inadequate assistance of counsel claim but not his stand-alone due process claim. Petitioner had the opportunity to object to the judgment's form before it was entered but failed to do so. On appeal, in one assignment of error, petitioner contends that the entered judgment does not satisfy ORS 138.640(1), because it fails to address both of his claims for relief, and requests plain-error review for the first time in his reply brief. We vacate and remand.

### BACKGROUND

Petitioner appeals from a general judgment denying him post-conviction relief on the ground that the entered judgment does not satisfy ORS 138.640(1), as interpreted by *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). To comply with ORS 138.640(1), a post-conviction judgment must address each separate claim made by the petitioner in the petition. *Datt*, 347 Or at 685. Petitioner raised two claims: (1) that trial counsel provided ineffective assistance of counsel by failing to ensure his plea was knowing, voluntary, and intelligent, and (2) that petitioner's rights to due process and fundamental fairness were violated because his plea was not knowing, voluntary, and intelligent. In its judgment denying petitioner relief, the post-conviction court explicitly addressed only petitioner's ineffective assistance of counsel claim, stating that "[p]etitioner makes one claim, which is that due to ineffective assistance of counsel his guilty pleas were not knowingly, voluntarily, and intelligently made." Petitioner failed to preserve the error in the post-conviction proceedings, and that failure is not excused because petitioner had an opportunity to bring it to the court's attention before the judgment was entered. Petitioner then did not request that we review for plain error until his reply brief. Defendant argues that because petitioner failed to request plain-error review in his opening brief, we should refuse to engage in the review and that, regardless, the post-conviction court

did not plainly err. Petitioner argues that nothing prevents him from requesting plain error-review in the reply brief.

## ORS 138.640

ORS 138.640(1) requires a state post-conviction court's judgment denying post-conviction relief to "clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." *Datt*, 347 Or at 685. The statute is intended to ensure that post-conviction courts provide enough information to assist federal courts in determinations of habeas corpus jurisdiction.[1] *Id.* at 682. The statute imposes a "clear-statement rule on judgments in post-conviction proceedings." *Soderstrom v. Premo*, 274 Or App 624, 626, 360 P3d 1272 (2015). To be sufficiently clear, and to enable a federal court to determine habeas corpus jurisdiction, a post-conviction judgment denying relief must, at minimum:

> "(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt*, 347 Or at 685. To make the legal bases for denial of relief apparent, with respect to each claim that contains more than one element, the judgment must identify each element that the court determined was not met. *Fisher v. Angelozzi*, 285 Or App 541, 552-53, 398 P3d 367 (2017).

## PLAIN-ERROR REVIEW

Generally, we will not consider a claim of error that was not preserved in the lower court. ORAP 5.45(1). Additionally, we generally will not consider an argument raised for the first time in a reply brief. *State v. Murga*, 291

---

[1] Federal habeas corpus jurisdiction over a person in state custody requires that the applicant have exhausted available state remedies. 28 USC § 2254 (2018). Additionally, the federal court cannot grant relief with respect to any claim adjudicated on the merits in state court proceedings unless the state court's decision is contrary to or an unreasonable application of federal law. *Id.* To determine whether an applicant's claim was adjudicated on the merits and whether the applicant has exhausted state remedies, the federal court must have the information required by ORS 138.640. *Datt*, 347 Or at 685.

Or App 462, 468-69, 422 P3d 417 (2018) (surveying cases rejecting arguments raised for the first time in a reply brief); ORAP 5.45(1). However, ORAP 5.45(1) allows this court discretion to correct an unpreserved error if it is plain. An error is plain if (1) the error is one of law, (2) the legal point is obvious and "not reasonably in dispute," and (3) to reach the error, the court does not need to go "outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Tilden*, 252 Or App 581, 590-91, 288 P3d 567 (2012). Even if we determine that the error is plain, we must decide whether to exercise our discretion to address it. *State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000).

Here, the error is plain. First, we review a post-conviction court's judgment for errors of law. *Wright v. Nooth*, 264 Or App 329, 331, 336 P3d 1, *rev den*, 356 Or 517 (2014). Second, the legal point is obvious and not reasonably in dispute. The Supreme Court in *Datt* clearly required the post-conviction court to identify a petitioner's claims and "make separate rulings" on each of them, declare whether it denied the claims on procedural or merits grounds, and explain the legal bases for its decision. 347 Or at 685. Here, petitioner raised two separate claims in his petition and his post-conviction trial memorandum: (1) ineffective assistance of trial counsel; and (2) violation of petitioner's due process rights. Although the judgment made clear that petitioner's ineffective assistance of counsel claim was denied on the merits, it did not identify the due process issue and provide a separate ruling. Finally, we do not need to go outside of the record to find the error. The judgment specifically identified petitioner's ineffective assistance of counsel claim as his "one claim" and did not address his second claim.

Having concluded that the post-conviction court plainly erred, we must decide whether to exercise our discretion to correct the error and articulate our reasons for doing so. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). When deciding whether to exercise our discretion, we may consider the following nonexclusive list of factors:

"[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6 (citations omitted).

Even absent an objection, the post-conviction court is "not relieved of its statutory responsibility under ORS 138.640 to state the grounds upon which the cause was determined" and dispose of all claims. *Leahy v. Hill*, 219 Or App 592, 596, 185 P3d 464 (2008) (citing *Owens v. Cupp*, 300 Or 158, 161, 707 P2d 1225 (1985)). We will correct the error in this case in the interests of judicial efficiency and accuracy. As discussed, ORS 138.640(1) serves to ensure that post-conviction courts provide federal courts with enough information to determine habeas corpus jurisdiction. *Datt*, 347 Or App at 682. Ordinarily, a claim rejected on procedural grounds in state court will not be reviewed on the merits in federal court. *See, e.g.*, *Nitschke v. Belleque*, 680 F3d 1105, 1109 (9th Cir 2012). In the absence of a reasoned decision, the federal court generally will treat a claim as being resolved on the merits. *Harrington v. Richter*, 562 US 86, 99, 131 S Ct 770, 178 L Ed 2d 624 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." (Citations omitted.)).[2]

Here, though some of the reasoning supporting the judgment in the inadequate assistance claim could also support the stand-alone due process claim, it is not clear what the basis for rejecting the claim would have been. Procedural defenses were raised, and a decision could have been based

---

[2] We note defendant's assertion that *Harrington* has made the reasoning in *Datt* obsolete. However, as we have already explained, "[t]hat is an argument more appropriately directed to the Oregon Supreme Court than to us. Unless the Supreme Court modifies its holding in *Datt*, we, as an intermediate appellate court, must adhere to it." *Soderstrom*, 274 Or App at 629.

upon the merits or procedural grounds. Leaving the judgment in an ambiguous form could result in merits review of a claim that was resolved on procedural grounds. It would not serve the ends of justice to have a federal court view the state court as having resolved a claim on the merits when that did not, in fact, happen. Although it would have been preferable for petitioner to have raised the form-of-judgment issue with the post-conviction court, thereby sparing the time and expense of this appeal, there is no good reason to leave the judgment ambiguous where that could lead to additional inefficiencies down the road.

We exercise our discretion in this case because the error is clear, easy to remedy, and serves the ends of justice and judicial efficiency long-term. The post-conviction court wrote an otherwise thoughtful and detailed opinion. Petitioner did not make new arguments in his request for plain-error review in his reply brief, he requested plain-error review based on the arguments he had already made in his opening brief, and the state was able to preemptively respond to the plain-error factors in its answering brief. It is true that if given the opportunity to correct the error by a timely objection from petitioner's post-conviction trial attorney, the post-conviction court could have easily corrected it. That weighs in favor of declining to exercise our discretion to conduct plain-error review. However, the rest of the factors we consider convince us that under this limited set of circumstances, we should correct the plain error.

The proper remedy for noncompliance with ORS 138.640(1) is to vacate and remand for the post-conviction court to include the required findings. *Soderstrom*, 274 Or App at 629-30.

Vacated and remanded.